UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONI CHAIN,

    Plaintiff,

v.

GBW LLC, doing business as McDonald's, et al.,

    Defendants.

Case No. 25-1111-TC-BGS

### MEMORANDUM & ORDER GRANTING
### MOTION TO PROCEED WITHOUT PAYMENT OF FEES and
### DENYING REQUEST FOR COUNSEL

This matter comes before the Court on Plaintiff Joni Chain's (hereinafter "Chain" or "Plaintiff") Motion to Proceed without Payment of Fees, which requests leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 3, sealed. Plaintiff also filed a Motion for Appointment of Counsel. *See* Doc. 4. For reasons set forth herein, Plaintiff's IFP application, Doc. 3, is **GRANTED** while her request for counsel, Doc 4, is **DENIED**.

**I. Background**

Plaintiff brings this case *pro se*. She alleges that Defendants, GBW, L.L.C. d/b/a McDonald's and Pricsilla, Manager at McDonald's, wrongfully terminated her employment due to "slander, racial bias from Pricsilla[1] manager" in violation of federal law[2]. Specifically, Plaintiff alleges

---

[1] Plaintiff spells her manager's name as "Pricsilla" throughout her Complaint. The Court uses Plaintiff's spelling as it appears though the intended spelling may be "Priscilla."

[2] Plaintiff's Complaint consists of both the Court's form "Civil Complaint" and "Employment Discrimination Complaint." In the Civil Complaint, Plaintiff alleges that the "case arises because of violation of the civil or equal rights, privileges or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)." *See* Doc. 1, at 3. In the Employment Discrimination Complaint she specifies that her cause of action arises under Title VII of the Civil Rights Act of 1964.

1

that her manager, Pricsilla, sent a text message that stated she wanted Plaintiff fired. Doc. 1, at 9. After Plaintiff's termination, Pricsilla informed the employees via a group chat that Plaintiff had been fired. *Id.* Plaintiff seeks damages up to $400,000 for pain and suffering and lost wages. *Id*, at 4.

## II. Motion to Proceed IFP

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of a civil action "without prepayment of fees or security therefor, by a person who submits an affidavit that…the person is unable to pay such fees or give security therefor." To succeed on an IFP motion "the movant must show a financial inability to pay the required filing fees." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Proceeding IFP "in a civil case is a privilege, not a right – fundamental or otherwise." *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998). The decision to grant or deny IFP status under § 1915 lies within the district court's sound discretion. *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001).

Based on the financial information provided by Plaintiff in her motion and affidavit of financial status, the Court believes Plaintiff has demonstrated an inability to pay the required filing fee. *See, e.g., Scherer v. Merck & Co.*, No. 05-2019-CM, 2006 WL 2524149, at *1 (D. Kan. Aug. 24, 2006) (indicating that IFP status may be appropriate, although not required, when total expenses exceed total income). Here, Plaintiff's affidavit indicates that her monthly income is several hundred dollars less than that of her monthly expenses. Doc. 3. The Court thus finds IFP status appropriate and **GRANTS** her motion to proceed *in forma pauperis*. Doc. 3.

Contemporaneous with this order, the Court is recommending that Plaintiff's claims be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). Therefore, summons will not be issued until after review by the District Court of the Report & Recommendation of Dismissal. The Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

**III.    Request for Counsel**

There is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003). "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C § 1915 (e)(1). *Commodity Future Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008). The decision whether to appoint counsel "is left to the sound discretion of the district court". *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

When determining whether to appoint counsel in a Title VII claim, the Court considers four factors: (1) plaintiff's ability to afford counsel; (2) plaintiff's diligence in searching for counsel; (3) the merits of plaintiff's case; (4) and the plaintiff's capacity to prepare and present the case without the aid of counsel. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Congress urges courts to seriously consider Plaintiff's requests for counsel in Title VII actions because, "appointment of an attorney may be essential for a plaintiff to fulfill the role of a private attorney general' vindicating a policy of the highest priority." *Id.* (internal quotations omitted)  That being said, "the court must keep in mind that Congress has not provided any mechanism for compensating such appointed counsel [...] [so] thoughtful and prudent use of the appointment power is necessary." *Id.*

These factors weigh against appointing counsel. First, in examining whether Plaintiff can afford counsel, "the court should examine the plaintiff's ability to hire counsel and still meet his or her daily expenses." *Id*, at 1422. Plaintiff's financial affidavit states her monthly expenses are a few hundred dollars more than her income. *See* Doc 3. Additionally, Plaintiff's motion to proceed IFP has been granted, which indicates her inability to afford an attorney. This factor weighs in favor of appointment of counsel.

3

Second, Plaintiff needs to show she has been diligent in searching for counsel. She must show that she, "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022). The Court typically requires a plaintiff to confer with at least five attorneys regarding legal representation. *Williams v. Long*, No. 21-1141-HLT-GEB, 2021 WL 4439445, at *2 (D. Kan. Sep. 28, 2021). Here, Plaintiff has shown little effort to retain counsel. She has only contacted one attorney and the attorney either did not meet with her or declined to represent her. Doc. 4, at 2. This does not show a diligent effort to obtain counsel, thus this factor weighs against appointment of counsel.

Next, the Court considers the merits of Plaintiff's case. Plaintiff's claims centers around alleged employment discrimination by Defendants. "Regarding the merits of Plaintiff's case, [t]he burden is on the applicant to convince the court that there is sufficient merit to [their] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In a separate order, the undersigned recommended dismissal of Plaintiff's case because her complaint does not state a claim upon which relief may be granted. The Court incorporates that analysis by reference. Thus, the Court does not find that the Plaintiff has met her burden to show that there is sufficient merit to warrant the appointment of counsel.

Finally, the last factor the Court considers is Plaintiff's ability to prepare and present the case without the help of counsel. When determining a plaintiff's ability to present her case, the Court assesses, "the complexity of the legal issues and plaintiff's ability to gather and present crucial facts. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417,1421 (10th Cir. 1992). Plaintiff has not stated any compelling reason she requires appointment of counsel. Her claim is not overly complex as she is alleging a Title VII claim for racial discrimination. She has demonstrated through previous court filings that she is able to adequately prepare and present her case. *See generally* Docs. 1-4. This factor

weighs against Plaintiff as she has not proven why appointment of counsel is necessary to litigate her case.

Therefore, after considering all the factors, the Court finds the appointment of counsel is not warranted.

## IV. Conclusion

The Court finds that Plaintiff may proceed without the prepayment of fees. However, after consideration of all the relevant factors, the Court finds that the appointment of counsel is not warranted. While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court does not find Plaintiff's situation justifies appointing counsel. Plaintiff's Motion for Appointment of Counsel is, therefore, **DENIED.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed without Payment of Fees, Doc. 3, is **GRANTED**. Pursuant to 28 U.S.C. § 1915 (a)(1), Plaintiff may commence this action without prepayment of fees. The Clerk shall <u>not</u> issue summons for service upon the Defendants at this time.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. 4, is **DENIED**.

**IT IS SO ORDERED**.

Dated July 23, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge