UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONI CHAIN,

    Plaintiff,

v.

GBW LLC, doing business as McDonald's, et al.,

    Defendants.

Case No. 25-1111-TC-BGS

## REPORT AND RECOMMENDATION
## FOR DISMISSAL OF COMPLAINT

Plaintiff Joni Chain filed this action *pro se*[1]. In conjunction with her federal court Complaint (Doc. 1), Plaintiff filed a motion to proceed without prepayment of fees, which is a motion requesting leave for Plaintiff to proceed *in forma pauperis* ("IFP"). Doc. 3. After review of Plaintiff's complaint, however, the Court **recommends** to the District Court that Plaintiff's claims against Defendants be **dismissed** for failure to state a claim upon which relief may be granted.

    **I.**    **Standard of Review for IFP Complaints**

When a Plaintiff proceeds IFP, the Court may screen the Complaint under 28 U.S.C. § 1915(e)(2). The Court "shall dismiss" an *in forma pauperis* case "at any time if the Court determines that… the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). "When a plaintiff is proceeding *in forma pauperis*, a court had a duty to review the complaint to ensure a proper balance between these competing interests." *Mitchell v. Desert*

---

[1] Plaintiff proceeds *pro se*. The Court construes her filings liberally and holds her to a less stringent standard than trained lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate for the *pro se* litigant. *Hall*, 935 F.2d at 1110.

1

*Health Care Facility*, No. 13-1360-RDR-KKG, 2013 WL 5797609, at *1 (D. Kan, Sept. 30, 2013). The purpose of § 1915(e) is "the prevention of abusive or capricious litigation." *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment). *Sua sponte* dismissal under § 1915(d) may be appropriate when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991) (citing *Henriksen v. Bently*, 644 F.2d 852, 854 (10th Cir. 1981)).

In determining whether dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). In conducting this analysis, the Court will accept as true all well-pleaded facts and draw all reasonable inferences from those facts in favor of a plaintiff. *See Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006).

Because the Court will liberally construe the pleadings of a *pro se* plaintiff, the Court should "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail… despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The Court cannot, however, become an advocate for the *pro se* plaintiff. *Id.*

A *pro se* plaintiff's complaint must still "set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions, and a formulaic recitation of the elements to a cause of action." *Fisher v Lynch*, 531 F.Supp.2d 1253,1260 (D. Kan. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007), and *Hall*, 935 F.2d at 1110 (holding that a plaintiff need not precisely state each element, but must plead minimal factual allegations on those material elements that must be proved)). "In other words, plaintiff must allege sufficient facts

to state a claim which is plausible – rather than merely conceivable – on its face." *Id.* (citing *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). *See also Bemis*, 500 F.3d at 1218 (stating that factual allegations in the complaint must establish "above the speculative level" that plaintiff is entitled to relief).

The Court's relaxed scrutiny of the *pro se* plaintiff's pleadings "does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110. A *pro se* plaintiff's pleading of conclusory statements is insufficient to state a claim because no special legal training is required to "recount the facts surrounding his alleged injury[.]" *Id. See also Olson v. Carmack*, 641 Fed. App'x. 822, 825 (10th Cir. 2016). If this Court finds, after construing the allegations in Plaintiff's Complaint liberally, that Plaintiff has failed to state a claim upon which relief may be granted, the Court is compelled to recommend that the action be dismissed.

## II. Plaintiff's Claims and Factual Allegations

Plaintiff filed this lawsuit against GBW, LLC, d/b/a McDonald's, and Pricsilla[2], Manager at McDonald's, alleging that her employment was wrongfully terminated because of her race. Her Complaint[3] is brief and provides limited factual information. It consists of 11 pages with five exhibits, totaling 16 pages, and only cites two federal statutes.

From what the Court can gather, Plaintiff was employed by GBW, LLC, which owns and operates a McDonald's. Plaintiff's manager was Pricsilla, whose last name is not provided in the Complaint.

In the "Civil Complaint," Plaintiff alleges that she was "wrongfully terminated due to slander, racial bias from Pricsilla manager." Doc. 1, at 3. She elaborates on this in the

---

[2] Plaintiff spells her manager's name as "Pricsilla" throughout her Complaint. The Court uses Plaintiff's spelling as it appears though the intended spelling may be "Priscilla."

[3] Plaintiff's Complaint consists of both the Court's form "Civil Complaint" and "Employment Discrimination Complaint" (collectively referred to as the "Complaint"). For purposes of this Report and Recommendation, the Court will incorporate information contained in both documents.

3

"Employment Discrimination Complaint." Therein, she states she was wrongfully terminated and retaliated against under Title VII of the Civil Rights Act of 1964. She also asserts racial bias, bullying, defemation (sic) of character, slander, and harassment. She alleges the discrimination occurred on or about August 30, 2024.

Specifically, she alleges that "Pricilla (sic) put in text message that she wanted me fired. After my termination she put in the employee group chat that I was terminated for them all to see." *Id.* No further factual support for the claims was provided nor does Plaintiff elaborate on the specific nature of the racial discrimination that allegedly occurred, only asserting that it happened.

Plaintiff filed a charge of discrimination against GBW LLC on September 18, 2024[4]. On May 8, 2025, she received a Determination and Notice of Rights from the U.S. Equal Employment Opportunity Commission advising her of her right to sue within 90 days of her receipt of the notice. *See* Doc. 1, at 12. Plaintiff claims damages for lost employment and for attorney's fees amounting to a range of $296,000 to $400,000.

As discussed below, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and the undersigned **recommends** that Plaintiff's claims be dismissed.

## III.    Analysis

Plaintiff asserts multiple causes of action in her Complaint. She asserts both federal and state law claims for racial discrimination, retaliation, harassment, slander, wrongful termination, pain and suffering, and bullying. After review of the Complaint, the Court finds that her claims fail to state a claim for the reasons stated below.

---

[4] The Court notes that Plaintiff has satisfied the procedural requirements for bringing Title VII claims. Discrimination allegedly occurred on August 30, 2024, and Plaintiff filed her EEOC charge on September 18, 2024, which is within the required deadlines. 42 U.S.C. § 2000e-5(e)(1).

4

### A. Title VII Claims

#### i. Employee Liability

As an initial matter, the Court must address whether Pricsilla can be held individually liable under Title VII. Under Tenth Circuit law, individual employees cannot be held liable under Title VII. *Haynes v. Williams*, 88 F.3d 898, 899-901 (10th Cir. 1996). "The relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the Act." *Id.*

The Tenth Circuit has recognized a narrow exception to this general rule, but only for the purposes of imputing liability to the actual employer:

> An individual qualifies as an "'employer'" under Title VII [solely for purposes of imputing liability to the true employer] if he or she serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing, or conditions of employment. In such a situation, the individual operates as the alter ego of the employer, and the employer is liable for the unlawful employment practices of the individual without regard to whether the employer knew of the individual's conduct.

*Id.* (citing *Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993)).

"[T]he proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer directly." *Id.* The purpose of this exception is solely to establish employer liability, not to create a separate cause of action against the individual supervisor. Here, while Pricsilla is described as Plaintiff's manager, the Complaint does not contain allegations that she exercised significant control over Plaintiff's hiring, firing, or conditions of her employment, to qualify as GBW L.L.C.'s alter ego. Even if such allegations were present, Plaintiff asserts similar claims against her employer, GBW, L.L.C., which renders any purported claim against her manager duplicative and improper. Therefore, to the extent Plaintiff seeks to hold Pricsilla individually liable under Title VII, such claims should be **dismissed**.

### ii. Title VII Standard

Title VII of the 1964 Civil Rights Act[5] provides that it is unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A Title VII plaintiff may use direct evidence or indirect evidence, or both, to support her claims. *Bekkem v. Wilkie*, 915 F.3d 1258, 1267 (10th Cir. 2019). A Title VII claim pleads a plausible cause of action if the plaintiff "has sufficiently stated ... claims for relief by plausibly alleging either direct evidence of discrimination or a prima facie discrimination claim." *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1137–38 (10th Cir. 2024). "The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." *Barlow v. C.R. England, Inc.*, 703 F.3d 497, 505 (10th Cir. 2012). Ordinarily, "a Title VII plaintiff bringing a claim of employment discrimination must plausibly allege these elements: (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) 'the challenged action occurred under circumstances giving rise to an inference of discrimination." *McNellis*, 116 F.4th at 1139.

### iii. Race-Based Discrimination[6]

---

[5] Title VII applies only to employers with fifteen or more employees. 42 U.S.C. § 2000e(b). While Plaintiff does not specify the number of employees at GBW LLC, the Court assumes for purposes of this Report and Recommendation that Defendants meet the statutory employer definition.

[6] Plaintiff also purports to bring a claim for "wrongful termination." It is unclear whether Plaintiff intends for this to be a separate state law cause of action or also falling under federal law. As to the former, Kansas is an at-will employment state and employees can be terminated for any reason, absent a contract or statutory prohibition. *See Farrell v. Butler Transp., Inc.*, 640 F. Supp. 3d 1077, 1079 (D. Kan. 2022). An exception is when the termination violates a clear mandate of public policy, which is not alleged here. *See Polson v. Davis*, 895 F.2d 705, 709 (10th Cir. 1990). To the extent Plaintiff claims wrongful termination on racial grounds, that claim cannot be asserted when a concurrently asserted Title VII claim provides an adequate remedy. *See Stallings v. Physician Reference Lab'y*, No. 10-2677-WEB, 2011 WL 1636936, at *4 (D. Kan. Apr. 29, 2011).

Plaintiff alleges that she was discriminated against because of her race. The elements of a race discrimination claim under Title VII are that: "(1) [plaintiff] belonged to a protected class; (2) [plaintiff] suffered an adverse employment action; and (3) the adverse employment action occurred under circumstances giving rise to an inference of discrimination." *Mack v. J.M. Smuckers Co.*, 631 F. Supp. 3d 1018, 1023 (D. Kan. 2022). "An adverse employment action is a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Id.*

In this case, Plaintiff has established that she is a member of a protected class by indicating in her Complaint that she is African American. Additionally, Plaintiff alleged an adverse employment action in the form of her termination by her manager. However, she falls short on the last element.

While Plaintiff claims that her manager texted her and told her that she wanted her fired (*see* Doc. 1, at 9), there is no allegation that the manager's behavior was motivated by Plaintiff's race. Plaintiff merely checks boxes in the Employment Discrimination Complaint indicating that her manager had a "racial bias" against her, but she fails to provide any facts describing what occurred, how it occurred, or any other information sufficient to state a plausible cause of action. Plaintiff also alleges that the manager treated her differently than other similarly situated employees but provides no factual basis for this assertion.

The Complaint lacks any allegation of discriminatory comments, actions, or treatment that would support an inference of racial discrimination. The mere assertion that discrimination occurred, without more, is insufficient to forestall dismissal. Thus, Plaintiff fails to satisfy an

---

Accordingly, if this is intended to be a separate cause of action, whether under state or federal law, it should be dismissed.

essential element of a Title VII race-based discrimination claim and the Court recommends that this claim be **dismissed**.

### iv. Retaliation

"To establish a prima facie case for retaliation under Title VII, a plaintiff must show (1) the employee engaged in protected opposition to discrimination, (2) the employee suffered an adverse action during or after the protected opposition that a reasonable employee would have found materially adverse, and (3) a causal connection exists between the protected activity and the materially adverse action." *Khalifah v. Brennan*, No. 19-2240-JAR-KGG, 2020 WL 1028299, at \*6 (D. Kan. Mar. 3, 2020).

Plaintiff fails to satisfy any of the elements above.  She provides no information indicating that she engaged in protected opposition to discrimination, nor does she establish when her termination occurred in relation to any protected activity.  She also fails to allege facts showing a causal connection between the protected activity and any adverse employment action.  Thus, she cannot establish a prima facie case of retaliation under Title VII.  Accordingly, the Court recommends this claim be **dismissed**.

### v. Hostile Work Environment

It is unclear whether Plaintiff is attempting to assert a Title VII hostile work environment discrimination claim.  In the "Employment Discrimination Complaint," she checks the box "harassment" when describing the nature of the case.  She provides no further details.  However, out of an abundance caution, the Court will construe this as an attempt to assert a Title VII race-based hostile-work environment claim.  "To state a racially hostile work environment claim under Title VII, a plaintiff must allege: (1) membership in a protected class; (2) [she] was subjected to unwelcome harassment; (3) the harassment was due to race; and (4) the harassment was so severe or pervasive that it altered a term, condition, or privilege of his employment and created an abusive

environment." *Young v. Colorado Dep't of Corr.*, 94 F.4th 1242, 1249 (10th Cir. 2024). A plaintiff doesn't demonstrate a sufficiently pervasive or severe hostile work environment with "a few isolated incidents" unless those "isolated incidents are in themselves 'severe.'" *Morris v. City of Colorado Springs*, 666 F.3d 654, 664, 666 (10th Cir. 2012).

Here, the only facts provided by the Plaintiff is that Defendant texted her once stating that she wanted her fired. The Complaint identifies a single date –August 30, 2024—as the day the alleged discrimination occurred, with no indication that this was part of a pattern of harassing behavior. Plaintiff does not establish that Defendant utilized language with racial overtones or that any harassment was frequent enough to alter the terms of her employment. Further, a single text message expressing desire to fire someone, without racial content, cannot establish severe or pervasive harassment. The Court finds that Plaintiff has failed to state a hostile work environment claim under Title VII and recommends it be **dismissed**.

### B. State Law Claims

The Kansas District Courts have applied the rule of *lex loci delicti* to tort claims. This rule states that the Court will apply the law of the state where the wrong occurs, which is the place where the injury was sustained. *Anderson v. Com. Const. Servs., Inc.*, No. 06-CV-2073 CM, 2007 WL 1099629, at *1-2 (D. Kan. Apr. 10, 2007), aff'd, 531 F.3d 1190 (10th Cir. 2008).

#### i. Defamation

Plaintiff asserts both "defemation (sic) of character" and "slander." Plaintiff does not specify which Defendant is liable for defamation. However, the Court will presume she intends to assert the claim against both Defendants. *See Lindemuth v. Goodyear Tire & Rubber Co.*, 19 Kan. App. 2d 95, 102, 864 P.2d 744, 460 (1993) (recognizing that both individuals and business entities may be liable for defamation). Under Kansas law, defamation includes libel and slander. The elements of

defamation are: (1) false and defamatory words, (2) communicated to a third person, and (3) results in a harm to the person defamed. *Marcus v. Swanson*, 539 P.3d 605, 609 (Kan. 2023).

Plaintiff alleges that her manager, Pricsilla, texted her that she wanted her fired and subsequently informed the employees group chat that Plaintiff had been terminated. However, Plaintiff fails to establish the first element because she does not allege that any false statements were made. The manager's expression of wanting Plaintiff fired constitutes opinion rather than a statement of fact, and the subsequent communication to employees that Plaintiff was terminated appears to be a truthful statement of fact. Plaintiff provides no facts to support a defamation claim against the company.

Moreover, Plaintiff alleges no reputational harm from these communications. The mere notification to employees that someone has been terminated, without more, does not constitute defamatory speech. Plaintiff fails to provide adequate facts to establish that she was defamed by the Defendants and thus the Court recommends that this claim be **dismissed**.

### ii. Pain and Suffering

Plaintiff purports to bring a claim for "pain and suffering." However, the state of Kansas does not recognize pain and suffering as a cause of action. "While […], mental suffering or other injury akin thereto does not constitute an independent cause of action […] if there was an actual invasion of the plaintiff's rights by the appreciable and wrongful application of violence to her body causing mental suffering or like injury as its proximate result, such elements may be considered in assessing damage. *Clemm v. Atchison, T. & S. F. R. Co.*, 268 P. 103, 105 (Kan. 1928). Thus, pain and suffering is not recognized as an independent cause of action and instead is typically an element of damages. Because "pain and suffering" is not a cause of action under Kansas law, the Court recommends that this claim be **dismissed**.

### iii. Bullying

Kansas does not recognize "bullying" as a cause of action in the employment context. While Kansas has a statutory definition of bullying, it only applies to school settings and is not applicable to workplace disputes. K.S.A. § 72-6147. Therefore, Plaintiff fails to state a claim because bullying is not a recognized tort under Kansas law. For those reasons, this Court recommends that this claim be **dismissed**.

## IV. Conclusion

For the reasons explained above, the Magistrate Judge **recommends** that the District Judge dismiss Plaintiff's claims under 28 U.S.C. § 1915 (e)(2)(B)(ii) because Plaintiff's Complaint does not state a claim upon which relief may be granted.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS ORDERED** that a copy of the recommendations shall be sent to Plaintiff via certified mail. Pursuant to 28 U.S.C. § 636(b)(1), Fed R. Civ. P. 72, and D. Kan, Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition. *See Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**IT IS SO RECOMMENDED**.

Dated July 8, 2025, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge